The court charged the jury that to entitle the plaintiff to recover it was necessary he should have made a demand of Holden, and have given defendant notice of it, and of the nonpayment of the bond, within a reasonable time; that what was reasonable notice depended on circumstances; the law, however, in all cases, required the assignee to use due diligence in presenting, and that he should, as soon as he conveniently could, give notice to the indorser of the demand and dishonor of the note; that the deed of trust having been taken up upwards of four months after the indorsement of the note, and only for part of Holden's property, in no way dispensed with the necessity of notice; that if it was received as evidence of notice, it was only evidence at the time of its date, which, being four months and more after its indorsement, was not in reasonable time, the parties all residing in the same village; but if they could infer from any other circumstance that the defendant had earlier notice they were at liberty to do so, and that plaintiff having taken a confession of judgment and given a stay of six months, when, if he had brought his suit regularly to August term, he could only have kept it off three months without appearing, in which event the debt would have been secured, he had virtually made a new contract with Holden by which the defendant was exonerated from all liability.
We think the question whether the plaintiff made use of due diligence, and whether the notice to the defendant was given in reasonable time, were properly left to the jury by the presiding judge, and that he correctly explained to them the law arising upon the case; therefore we see no reason why a new trial should be granted.
PER CURIAM. No error.